IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **MALCOLM FALLIN,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| **VIRGINIA DEPARTMENT OF TRANSPORTATION,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

HERE COMES the Plaintiff, Malcolm Fallin, by counsel, and hereby alleges in this Complaint against the Defendant, the following:

## INTRODUCTION

1. The Plaintiff, Malcolm Fallin, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* alleging discrimination on the basis of race. Plaintiff is an African-American employee of the Virginia Department of Transportation ("VDOT"). From 2016 to 2019, Plaintiff applied three times for a promotion from Transportation Operator II (T.O. II) to Transportation Operator III ("T.O. III"). Despite his qualifications to perform the job, Plaintiff was denied the promotion each time over lesser qualified white male employees. Additionally, Plaintiff alleges that VDOT ran afoul of Title VII's prohibition against racial discrimination in the workplace by denying him supervisory training despite Plaintiff's repeated requests for more hours to train.

## PARTIES

2. Plaintiff Malcolm Fallin is a natural person and a citizen of the Commonwealth of Virginia.

1

3. Defendant Virginia Department of Transportation ("VDOT") is a governmental agency of the Commonwealth of Virginia. At all relevant times, Plaintiff was an employee of VDOT. VDOT was an employer of Plaintiff as defined by 42 U.S.C. § 2000e(b).

**JURISDICTION AND VENUE**

4. Plaintiff has brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. This Court therefore has original federal question jurisdiction to adjudicate this action pursuant to 28 U.S.C. § 1331, as the case arises under the laws of the United States.

5. On December 30, 2019, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Administrative proceedings ended on December 3, 2020, when the EEOC issued a Notice of Right to Sue, and Plaintiff received such Notice on December 5, 2020.

6. Plaintiff timely filed this action "within ninety days" from receipt of the Notice of Right to Sue. 42 U.S.C. § 2000e-5(f) (1).

7. Venue for this action lies properly in the United States District Court for the Eastern District of Virginia, Richmond Division. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims occurred in the County of Northumberland, which is a territory assigned to the Richmond Division of the Eastern District of Virginia.

**FACTUAL BACKGROUND**

8. Plaintiff is an African-American male who is and was working as a T.O. II with VDOT for 22 years. At all relevant times stated herein Plaintiff has worked in the Fredericksburg Division of VDOT.

9. At all relevant times stated herein Plaintiff was performing his job as a T.O. II at a level that either met or exceeded the expectations of VDOT.

10. At all relevant times stated herein Plaintiff was never reprimanded or disciplined for his work performance.

11. From 2016 to 2019, Plaintiff applied three times to be promoted from T.O. II to T.O. III.

## Job Requirements for a T.O. III

12. The core of the T.O. III position is emergency response, requiring work in and outside normal work hours during emergency operations.

13. The job application for the T.O. III position specified various 'minimum qualifications' and 'preferred qualifications.'

14. The minimum qualifications to work as a T.O. III include: (a) considerable knowledge of highway maintenance and construction practices and procedures; (b) considerable skill in operating and maintaining light, medium, and heavy-duty equipment used in highway maintenance construction; (c) basic recordkeeping and computer skills; (d) ability to plan, schedule, and complete work assignments; (e) ability to train and lead the work of others; (f) ability to perform manual labor including frequent lifting up to 50 pounds and to use hand and power tools; (g) ability to read, interpret, and apply work zone safety and traffic control manuals; (h) ability to obtain CDL and DOT medical card within 6 months of employment and maintain thereafter; (i) ability to work inclement weather, accidents, and emergency / disaster response; and (j) valid driver's license.

15. The preferred qualifications to work as a T.O. III include: (a) experience leading the work of and training others; (b) experience supporting emergency operations such as snow removal, storm damage and accident clean up; (c) experience using computers to read email and record data; (d) experience preparing reports and keeping records; and (e) high school diploma or GED preferred; equivalent experience or training may substitute.

**Plaintiff Was Denied a Promotion to T.O. III Although He Met Each of the Minimum and Preferred Qualifications for a T.O. III**

16. From 2016 until 2019, Plaintiff exhibited each of the required and preferred qualifications. In 2016, Plaintiff had been working for VDOT for 22 years. Over the course of Plaintiff's tenure with VDOT, Plaintiff developed a record of providing leadership and on-site technical guidance to other team members and performing administrative tasks.

17. Plaintiff has supervised the VDOT Grass Crew, the Snow Crew, Piping Crew, Concrete Crew, and the Patching Crew and has skill and accuracy in performing excavating, landscaping, and paving. Plaintiff has supervised both employees of VDOT and contractors and subcontractors of VDOT.

18. Plaintiff had sufficient education, work experience, and familiarity with the record keeping and computer programs used in the T.O. III position.

19. On April 8, 2016, Plaintiff applied to be promoted to T.O. III. Plaintiff was selected to interview for the position.

20. For the first time, Plaintiff was denied the promotion to T.O. III.

21. VDOT awarded the promotion to Michael Bryant. Bryant was a white male who worked for VDOT for 15 years before he was elevated to T.O. III. Bryant had minimal applied supervisory or leadership experience and fewer leadership experiences than Plaintiff.

22. On April 10, 2017, Plaintiff applied to be promoted to T.O. III. Plaintiff was selected to interview for the position.

23. For the second time, Plaintiff was denied the promotion to T.O. III. VDOT awarded the promotion to Michael Moss. Moss was a white male who had worked as a VDOT employee for 17 years.

24. On July 16, 2019, Plaintiff applied to be promoted to T.O. III. Plaintiff was selected to interview for the position.

25. For the third time, Plaintiff was denied the promotion to T.O. III. VDOT awarded the promotion to Bryan Robertson. Robertson was a white male who had worked with VDOT for six (6) years. Robertson had no applied leadership experience within VDOT. Robertson had been selected by his white supervisors to complete a supervisor training course, although Robertson had no applied supervisory or leadership experience.

## STATEMENT OF CLAIMS

## COUNT I:

## VIOLATION OF TITLE VII: FAILURE TO PROMOTE

26. Plaintiff hereby incorporates by reference and realleges each allegation set forth above.

27. Plaintiff belongs to a protected class because he is an African-American employee of VDOT.

28. Plaintiff applied on July 16, 2019, to be promoted from T.O. II to T.O. III.

29. Plaintiff was qualified to work as a T.O. III. When Plaintiff applied to be promoted to T.O. III, Plaintiff was rated qualified or highly qualified on all required and preferred qualifications for T.O. III. Additionally, Plaintiff had consistently received excellent ratings in his performance reviews and had rarely if ever been criticized for misperformance.

30. When Plaintiff applied to be promoted to T.O. III, VDOT rejected Plaintiff's application for promotion and filled the T.O. III position with a white male.

31. Each of the white males who were hired over Plaintiff to work as a T.O. III had less general experience than Plaintiff and less experience supervising VDOT crews than Plaintiff.

32. The VDOT headquarters situated in Lottsburg, Virginia, in the County of Northumberland, Virginia, where Plaintiff has worked and made his applications for promotion, has no African-American employees working as a T.O. III or as a supervisor.

## COUNT II

## VIOLATION OF TITLE VII: DISCRIMINATORY DENIAL OF TRAINING

33. Plaintiff repeats and realleges the averments set forth above.

34. In 2014, before applying to be promoted to T.O. III, Plaintiff completed an intensive classroom supervisor training course.

35. To supplement on-the-job supervisor experience, VDOT offered the supervisor training program to employees wishing to gain *additional* supervisor experience and knowledge. The training course was neither a required nor a preferred qualification for the T.O. III position, but was considered a "perk" in the application process.

36. Plaintiff fully completed the classroom portion of the supervisor training course.

37. When Plaintiff sought to complete the applied portion of the supervisor training course, Plaintiff was offered limited hours to train in the office.

38. Plaintiff complained on two separate occasions to his white supervisors at VDOT to obtain the needed hours for supervisory training.

39. Despite his requests for the needed hours, Plaintiff was never granted additional hours to train as a supervisor.

40. The VDOT supervisors responsible for assigning Plaintiff hours in the supervisor training course, including Plaintiff's direct supervisor, Todd VanLandingham, were all white.

41. Upon information and belief, only white employees have been assigned a sufficient number of hours to complete the applied component of the VDOT supervisor training course.

42. White employees who have completed the supervisory training, such as Bryan Robertson, have subsequently been selected for promotions within VDOT, although they had minimal or no prior leadership or supervisory experience.

43. Due to Defendant's denial of a fair and equal opportunity to train as a supervisor, Plaintiff was unable to complete the VDOT supervisor training course.

44. Defendant's denial of a fair and equal opportunity to train as a supervisor negatively impacted Plaintiff's chances to be promoted as a T.O. III when Plaintiff applied for the position on April 8, 2016, again on April 10, 2017, and, finally, for the third and last time on July 16, 2019. The final time Plaintiff applied to be promoted to a T.O. III, on July 16, 2019, VDOT informed Plaintiff that the sole reason why Bryan Robertson was selected for the promotion over Plaintiff was because Plaintiff had not fully completed the supplemental supervisor training course.

## **REQUEST FOR RELIEF**

45. Enter judgment in his favor against Defendant, Virginia Department of Transportation;

46. Declare the acts and practices complained of herein are in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*;

47. Award all back pay and benefits of the T.O. III position, including, but not limited to, salary increases, bonuses, vacation pay, and other benefits, with interest on the same, running from July 16, 2019 to the date a final judgment is entered for him;

48. Award a retroactive promotion to T.O. III. *See Albermarle Paper Co. v. Moody,* 422 U.S. 405, 422 (1975).

49. Award reasonable attorney's fees and costs. *See Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989) (citing 42 U.S.C. § 2000e-5(k)).

50. Award pre- and post-judgment interest on any monetary award;

51. Award all other such equitable relief as may be appropriate to effectuate the purposes of 42 U.S.C. § 2000e *et seq.*

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

**MALCOLM FALLIN**
*Plaintiff*

By: _____/s/_____
Judson R. Peverall
VSB No. 94086
James B. Thorsen
VSB No. 18113
Attorneys for Malcolm Fallin
THORSENALLEN LLP
5413 Patterson Avenue, Suite 201
P. O. Box 17094
Richmond, Virginia 23226
Telephone: (804) 447-7234
Facsimile: (804) 447-7813
E-mail: jpeverall@thorsenallencom