IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MALCOLM FALLIN,

    Plaintiff,

v.                                Civil Action No. 3:21cv131

VIRGINIA DEPARTMENT OF
TRANSPORTATION,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT VIRGINIA DEPARTMENT OF TRANSPORTATION'S PARTIAL MOTION TO DISMISS COUNT II OF THE COMPLAINT (ECF No. 7). The Court has reviewed the motion, the complaint, and the supporting, opposing, and reply memoranda; and, for the reasons set forth below, the Defendant's PARTIAL MOTION TO DISMISS COUNT II OF THE COMPLAINT (ECF No. 7) will be granted.

**BACKGROUND**

Plaintiff Malcolm Fallin ("Fallin"), an employee of the Defendant Virginia Department of Transportation ("VDOT"), brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, seeking a retroactive promotion from Transportation Officer II ("T.O. II") to Transportation Officer III ("T.O. III"), all back pay, interest, and benefits

related thereto, and attorney's fees and costs. (ECF No. 1, ¶¶ 47-50).

The material facts alleged in the Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("EEOC charge") and the Complaint are not complicated. Count I of the Complaint alleges that VDOT discriminatorily failed to promote Fallin based on his race. ECF No. 1 at ¶¶ 26-32. Fallin is a black male who has worked for VDOT since 1994. Id. at ¶ 8. In April 2016, April 2017, and July 2019, Fallin applied for and was denied a promotion to the position of T.O. III. Id. at ¶¶ 19-25. All three promotions went instead to white males who had been employed by VDOT for less time than Fallin. Id. at ¶ 25. With respect to the third denial, which occurred July 16, 2019, Fallin subsequently filed an EEOC charge on December 30 of that year. ECF No. 8-1. Administrative proceedings concluded on December 3, 2020, and the EEOC issued a Notice of Right to Sue which Fallin received on December 5, 2020. ECF No. 1 at ¶ 5. This action followed. Id. at ¶ 6.

Undergirding the facts giving rise to Count I are those giving rise to Count II, which alleges that VDOT discriminatorily denied Fallin certain training. Id. at ¶¶ 33-44. In 2014, Fallin completed the classroom portion of a supervisor training course that was not required for promotion. Instead, that training was, by VDOT, considered as a "perk." Id.

at ¶¶ 34-35. At unspecified dates and times thereafter, Fallin complained to his supervisors on two occasions that he needed hours to complete a separate, applied portion of the supervisor training course, but his supervisors would not grant the additional hours needed to complete the applied portion of the course. Id. at ¶¶ 37-39. Moreover, according to Fallin's information and belief, VDOT allowed only white employees enough hours to complete this portion of the training. Id. at ¶ 41. Fallin alleges that this inability to complete the training directly contributed to his lack of promotion in July 2019. Id. at ¶ 44.

In the EEOC charge, Fallin makes three separate statements. The first is a summary of the facts above related to the failure to promote giving rise to Count I. ECF No. 8-1 at ¶ I. The second asserts that the reason VDOT gave him for not being promoted was that he had not completed the supervisor training, but that Fallin "had in fact completed [the supervisor training]." Id. at ¶ II. The third statement expresses Fallin's belief that VDOT "denied promotion and subjected [him] to different terms and conditions" because of his race, in violation of Title VII. Id. at ¶ III.

Relying on Fed. R. Civ. P. 12(b)(1), VDOT has moved to dismiss Count II for lack of subject matter jurisdiction, arguing that Fallin failed to exhaust his administrative

3

remedies by not specifying the denial of training in the EEOC charge. ECF No. 7 at 1; ECF No. 8 at 1. In the alternative, VDOT has moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted, arguing that Fallin could not have timely filed his charge with respect to the denial of training because he did not specify a date on which the alleged denial had occurred. ECF No. 7 at 1; ECF No. 8 at 4.

**THE STANDARDS GOVERNING MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**

a. **Legal Standard Under Fed. R. Civ. P. 12(b)(1)**

A defendant may move to dismiss if the Court has no subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Where, as here, a defendant's motion to dismiss is based on the assertion that the plaintiff did not exhaust his administrative remedies, "the defendant is attacking the sufficiency of the complaint;" and, therefore, "the court must accept all of the complaint's factual allegations as true." Allen v. Coll. Of William & Mary, 245 F. Supp. 2d 777, 782-83 (E.D. Va. 2003). If "the claims raised under Title VII exceed the scope of the EEOC charge and any

charges that would naturally have arisen from an investigation thereof, they are procedurally barred." Dennis v. Cty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

b. **Legal Standard Under Fed. R. Civ. P. 12(b)(6)**

When considering a motion to dismiss under Rule 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). In this context, "[a] 'failure to exhaust' argument is different than an 'untimeliness' argument." Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 613 (E.D. Va. 2011). "'[U]ntimeliness' claims should be addressed within the context of a 12(b)(6) motion." Id. at 614. However, "[a] court may grant a 12(b)(6) motion on statute of limitations grounds only if the time bar is apparent on the face of the complaint." Semenova v. Md. Transp. Admin., 845 F.3d 564, 567 (4th Cir. 2017) (quoting Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)) (internal quotation marks omitted).

## DISCUSSION

### a. Rule 12(b)(1): Exhaustion of Administrative Remedies

For the following reasons, Fallin substantively exhausted his administrative remedies with respect to each count in the complaint.

#### 1) The EEOC Charge Put VDOT on Notice of Racial Discrimination Charges in General and Both Counts are Reasonably Related

In a Title VII action, a plaintiff must file a charge of discrimination with the EEOC before filing suit. See 42 U.S.C. § 2000E-5(b). Moreover, "[t]he filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005). First and foremost, the purpose of an EEOC charge is to notify the employer of the alleged discrimination, so that it may have the opportunity to resolve the issue before it is litigated. Id.; Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). Second, the administrative charge gives the EEOC an opportunity to handle the claim in a potentially less burdensome manner than the adversarial process of litigation. Chacko, 429 F.3d at 510. Once the administrative process is complete and a plaintiff commences a suit, "a federal court may only consider those allegations included in the EEOC charge." Balas v. Huntington

6

Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013). However, as is the case here, "lawyers do not typically complete the administrative charges, and so courts construe them liberally." Chacko, 429 F.3d at 509. A reasonable investigation that may arise from allegations in the charge therefore defines the scope of the civil action. Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981).

As explained in Johnson v. Portfolio Recovery Associates, Inc., 682 F. Supp.2d 560 (E.D. Va. 2009), "[t]he rationale for requiring exhaustion of remedies has been well-stated in an employment discrimination treatise:

> In enacting Title VII, Congress created an agency under whose jurisdiction there would be an opportunity for the parties to resolve employment issues without public litigation. The intent was that, by avoiding publicity, employees might be spared embarrassment, and employers might be more willing to adjust their employment practices if they were not subjected to the glare of public accusation and recrimination. Congress imposed short limitations periods for bringing claims and made it a condition precedent to the public litigation of those claims that an employee must first seek administrative relief through the EEOC within 90 days (now 180 or 300 days depending on the existence of a state deferral agency). The purposes underlying the administrative charge requirement include giving the charged party notice of the claim, narrowing the issues for speedier and more effective adjudication and decision, and giving the EEOC and the employer an opportunity to resolve the dispute. If the EEOC finds reasonable cause to believe that a violation has occurred it

> must attempt to eliminate the practice through conciliation, conference, and persuasion before commencing a lawsuit.

Johnson v. Portfolio Recovery Associates, Inc., 686 F. Supp.2d at 569 (quoting 2 Barbara T. Lindemann & Grossman, *Employment Discrimination Law 1894* (4th ed. 2007).

Fallin argues first that the EEOC charge put the EEOC and VDOT on notice that the entire promotional system was being challenged because he separately alleged (1) that VDOT failed to promote him because of his race and (2) that he was "subjected to different terms and conditions because of my race." ECF No. 9 at 2-3. The general statement ("subjected to different terms and conditions because of my race") was not sufficient to put VDOT on notice that Fallin was challenging the entire promotion system. It was, however, sufficient to put VDOT on notice of a complaint about the discriminatory denial of training.

"[I]t is well settled that the reasonable investigation standard can encompass details not specifically enumerated in the [administrative] complaint." Sydnor, 681 F.3d at 596-597 (quoting Chisholm, 665 F.2d at 491) (internal quotation marks omitted). In Sydnor, the plaintiff's charge stated that she had requested and was denied a reasonable accommodation for her disability. Sydnor, 681 F.3d at 595. The defendant's attempt to differentiate a request for light labor from a request for a wheelchair failed because "there [were] sufficient similarities

8

between the two to find [the administrative exhaustion] requirement satisfied." Id. Here, as in Sydnor, "the similarities between [Fallin's] administrative and judicial narratives make clear that [VDOT] was afforded ample notice of the allegations against it." Id.

Fallin's first argument merges here with his second: that the claims are reasonably related enough to warrant the conclusion that the second count was presented in the EEOC charge. The supervisor training course VDOT offered its employees, which evidently made them more promotable, is central to the dispute in this case. VDOT was aware that Fallin had requested opportunities to complete that training, and VDOT was aware that those requests had been denied. In fact, the EEOC charge recites that the only reason that VDOT gave Fallin for not promoting him was that he did not complete "the Supervisor Training." ECF No. 8-1, ¶ II. Therefore, it would be very difficult to say the two claims are not "reasonably related . . . and [could not] be expected to follow from a reasonable administrative investigation." Sydnor, 681 F.3d at 594 (quoting Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000)).

Furthermore, the Complaint alleges the same type of violation in both counts: racial discrimination. And, each count is leveled at the same superiors, over a similar timeframe (from

9

2014 to 2019). See ECF No. 1 at ¶¶ 37-40. Thus, each count deals with the same "time frames, actors, and conduct." Sydnor, 681 F.3d at 595. See also Smith, 202 F.3d at 248 (holding discrimination allegations in the charge were reasonably related to those in the complaint because both involved discrimination by management).

VDOT argues that "the denial of training at issue here does not stem from the same conduct as the denial of the promotion." ECF No. 10 at 4. It argues further that Sydnor and Chisholm do not apply because the administrative charges in those cases "shared the same root as the federal allegations, albeit with less detail." Id. By implication, VDOT asserts that Fallin's administrative charge and the Complaint do not share the same root. These arguments miss the mark. In Sydnor, where the counts in the charge and complaint were related enough, the root of both allegations was discrimination based on ability. See Sydnor, 681 F.3d at 595. In Chisholm, where the charge encompassed the subject matter of the complaint as well, the root of the allegations in both filings was discrimination based on race, "including aspects of the system such as discipline and testing which were not specifically enumerated in the complaint." 665 F.2d at 491. Here, as in those cases, the two separate alleged violations share a common factual nucleus: racial discrimination. This case is therefore properly

distinguishable from Jones, where the charge was for retaliation but the Complaint listed racial discrimination, and Bryant v. Bell Atl. Md., Inc., where the charge and complaint respectively contained disparate counts of racial and sexual discrimination. See 551 F.3d 297 at 301; 288 F.3d 124, 132-33 (4th Cir. 2002).

VDOT argues that "nowhere in the charge of discrimination does Fallin allege that 'VDOT maintains a continuous and ongoing class-wide policy of discrimination with respect to its supervisor training course.'" ECF No. 10 at 2-3 (quoting ECF No. 9 at 6). But, such an allegation is not necessary. It is enough that the counts arise from the same discriminatory conduct, undertaken by the same actors, over a similar period, and that they are factually interwoven enough for one count to depend on the other.

### 2) Fallin's Assertion About Completing the Training Does Not Preclude Count II

Exhaustion should not "become a tripwire for hapless plaintiffs or erect insurmountable barriers to litigation out of overly technical concerns." Parker v. Reema Consulting Servs., Inc., 915 F.3d 297, 307 (4th Cir. 2019) (Diaz, J., concurring) (quoting Sydnor, 681 F.3d at 594) (internal quotation marks omitted). "Construing ambiguities against the drafter may be the more efficient rule to encourage precise expression in other contexts; here, however, the rule would undermine the remedial

scheme Congress adopted." Fed. Express Corp. v. Holowecki, 552 U.S. 389, 406 (2008). The purpose of the administrative process is, in part, to aid plaintiffs, and "[i]t would be inconsistent with this framework to require untrained parties to provide a detailed essay to the EEOC in order to exhaust their administrative remedies." Sydnor, 681 F.3d at 594. And, "by dwelling on such technicalities, we would only undermine the congressional preference for agency resolution in this area." Id. at 597.

In the EEOC charge, Fallin specifically and separately stated that he was "denied promotion *and* subjected to different terms and conditions because of [his] race." ECF No. 8-1 at ¶ III (emphasis added). Although not rich with detail, this phrasing certainly indicates that Fallin was charging more than just a failure to promote. VDOT argues, however, that, because Fallin also "specifically stated in his administrative charge that he had completed the supervisor training," he contradicts the allegation of failure to train in Count II of the Complaint. ECF No. 10 at 1. This argument fails logic.

The EEOC charge says that the reason that VDOT gave Fallin for not promoting him was that he had not completed "the Supervisor Training." ECF No. 8-1. It is true that, at one level, Fallin contradicted himself by saying that he had completed that training. However, Fallin had completed part of

the training, and a reasonable investigation would have cleared up the apparent contradiction by showing that Fallin had completed the classroom portion of the training, and by making clear that the applied portion for which he desired additional hours was at issue. Moreover, as discussed in the previous section, the dispute over the completion of training is a necessary predicate to Count I, the validity of which is undisputed. Therefore, when paired with the broad "terms and conditions" clause in the EEOC charge, the denial of training is reasonably related to the failure to promote. That fact supersedes Fallin's (potentially mistaken or misinterpreted) statement that he had completed the training.

    b.    **Rule 12(b)(6): The Complaint Shows That Fallin Did Not Timely File His Charge with Respect to the Denial of Training**

VDOT seeks dismissal of Count II on the ground that the Complaint shows that Fallin did not file his EEOC charge, as to Count II, in a timely manner. On that point, VDOT is correct.

"If an individual fails to file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014); see 42 U.S.C. § 2000e-5(e)(1). "The basic limitations

period is 180 days after the alleged unlawful employment practice. . . . [T]he limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 (4th Cir. 1998).

However, "[w]hen a charge is sent first to the EEOC instead of the appropriate state deferral agency, and the state prohibits the alleged employment practice, the EEOC will refer the claim to the state agency." Id. "That referral to the state agency satisfie[s] 42 U.S.C. § 2000e-5(e)(1)'s requirement that the aggrieved person must have instituted proceedings with the state deferral agency in order to qualify for the 300-day limitations period." Id.

The period begins to run "from the time of the discriminatory act, not from the time of a later, inevitable consequence of that act." Young v. Nat'l Ctr. For Health Servs. Research, 828 F.2D 235, 237 (4th Cir. 1987). Discrimination that occurs before the act giving rise to the charge, however, "can thereafter continually violate the plaintiff's rights." Nealon v. Stone, 958 F.2d 584 (4th Cir. 1992). "But a series of allegedly discriminatory actions against the same employee, even with the same alleged motive such as [race] discrimination, is

not enough." Stoller v. Marsh, 682 F.2d 971, 975 (D.C. Cir. 1982).

In the briefs, both parties offer confusing characterizations of the timeline requirement. 300 days before December 30, 2019 is March 5, 2019. 180 days before December 30, 2019 is July 3, 2019. Why VDOT claims that "any such denials of training must have occurred between March 5, 2019 and July 16, 2019" escapes the Court. ECF No. 8 at 5. Furthermore, it is not clear from the cases on which VDOT relies that "[i]n Virginia, the limitations period within which to file this charge is 300 days." Id. at 4. For such to be the case, the charge would have needed to be referred to the appropriate state agency. Whether that happened is not part of the record.

Ultimately, whether the 180 or 300-day limit applies is irrelevant. First, with respect to the only dated incident in the charge, the July 19 failure to promote occurred within both potential time limits. Second, as discussed in the previous section, Fallin's charge was not sufficient to put "VDOT on notice that the *entire promotional system was being challenged*" as Fallin claims. ECF No. 9 at 3 (emphasis in original). Although Chacko does not preclude Count II on subject matter grounds because of the greater relatedness of the claims here than in that case, Chacko does cut against Fallin's having charged a "continuous and ongoing policy" of discrimination. Id.

at 6. See 429 F.3d at 511. Here, as in Chacko, Fallin specifically did not check the "continuing violation" box on his charge. ECF No. 8-1; Chacko, 429 F.3d at 511. Furthermore, "the allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." Chacko, 429 F.3d at 509. A reasonable investigation arising from discrepancies about whether the training was completed would have logically led to the reasons for the promotion denial but, as in Chacko, "could not be expected to lead to a continuous pattern of . . . misconduct." Id. at 512.

Moreover, the Fourth Circuit and the Supreme Court have repeatedly held that a failure to promote is a discrete act from which a continuing violation argument cannot be drawn. See Belton v. City of Charlotte, 175 Fed.Appx. 641, 653 (4th Cir. 2006); Williams v. Giant Food, Inc., 370 F.3d 423, 429 (4th Cir. 2004); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 (2002). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Jones, 551 F.3d at 303 (quoting Morgan, 536 U.S. at 113). Although the two counts in the Complaint may be reasonably enough related in substance, the absence of any dates on which the alleged denial of training occurred in the

charge does procedurally bar that count being raised in the complaint due to the administrative time limit requirement.

The absence of dates in the charge is therefore dispositive. Fallin argues at length about the extent to which the Complaint establishes the dates and other facts supporting a pattern of continuing violation. That argument fails because the timely filing of the EEOC charge for a discrete act is a prerequisite to filing suit. Having raised sufficient facts in the Complaint is neither here nor there. Because the failure to promote and denial of training, though substantively related, are procedurally separate, each needed to have been filed administratively within 300 or 180 days of the incident occurring. Fallin failed to do so.

## CONCLUSION

For the foregoing reasons, DEFENDANT VDOT'S PARTIAL MOTION TO DISMISS COUNT II OF THE COMPLAINT (ECF No. 7) will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 6, 2021